UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| MILOEDU, INC.,<br><br>   Plaintiff,<br><br>   v.<br><br>LYBROAN DENNIS JAMES, *et al.*,<br><br>   Defendants. | Case No. 21-cv-09261-JST   (RMI)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 82 |

Now pending before the court is Plaintiff's Motion (dkt. 82) seeking attorneys' fees due to certain discovery misconduct committed by Defendants and their counsel. The court will not repeat the essence of the now-adjudicated discovery disputes (*see* Ltr. Br. (dkt. 80) at 1-5), nor is it necessary to repeat the court's previous findings that those disputes were entirely the consequence of the unreasonable positions, frivolous objections, and baseless arguments advanced by Defendants and their counsel (*see* Order of August 8, 2022 (dkt. 81) at 1-8). Instead, the court will only reiterate its previous findings that Defendants and their counsel had engaged in a pattern of willful obstructionism and bad faith in advancing a series of frivolous objections and arguments designed to delay, hinder, and frustrate the course of discovery in this case – for which an award of attorneys' fees to Plaintiff was clearly warranted (*see id.* at 7-8). As to the determination of a reasonable sum, the court entertained a full round of briefing from the Parties (*see* dkts. 82, 83, 85). The matter now having been briefed, the court finds that, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the matter is suitable for disposition without oral argument.

Plaintiff seeks $38,669.00 in remuneration as a result of the extra time and expense

occasioned by the obstructionist tactics employed by Defendants and their counsel. *See generally* Pl.'s Mot. (dkt. 82); *see also id*. Exh. 2, Hayes Decl. (dkt. 82-2) at 12-13. As to the number of hours spend, and the hourly rates involved, Plaintiff claims the following:

> the time that was spent related to [Plaintiff's] attempts to obtain compliance with the Court-ordered inspection protocol, *i.e.*, those entries that are visible on the attached invoices . . . since April 14, 2022, Mr. Logan recorded 22.8 hours, Mr. Humphrey recorded 22.7 hours, and [Mr. Hayes] recorded 20.1 hours. Mr. Logan's hourly rate was $435. $435 multiplied by 22.8 hours is $9,918. Mr. Humphrey's hourly rate was $670. $670 multiplied by 22.7 is $15,209. [Mr. Hayes's] hourly rate was $775. $775 multiplied by 20.1 is $15,577.50. The sum of these three amounts is $40,704.50. [Plaintiff's counsel have] extended MILO a 5% courtesy discount on the relevant invoices for April, May, June, and July time, and [counsel] anticipate [that they] will do the same on the invoice for August time, when it is issued. With that discount applied, the amount MILO has incurred related to []its attempts to obtain compliance with the Court-ordered inspection protocol is at least $38,669, which is the amount being requested by MILO.
> *Id*.

Further, having reviewed the Declaration of Douglas Gold (dkt. 82-1), the court finds that Plaintiff's counsel's hourly rates are eminently reasonable and well within the range of rates charged by attorneys of similar skill and experience who practice in this court.

Defendants' response in opposition is threadbare and conclusory to the point where it warrants no serious discussion at all. *See* Defs.' Opp. (dkt. 83) at 2. Indeed, Defendants do little more than citing (without *any* discussion) to a patently inapplicable statute and irrelevant court case (which amounts to yet another round of frivolous argument by Defendants and their counsel for the reasons stated by Plaintiff – *see* Pl.'s Reply (dkt. 85) at 2-3). Otherwise, in substance, Defendants' opposition consists of only a single conclusory assertion to the effect that $38,699.00 is excessive – again, with no explanation at all. *See* Defs.' Opp. (dkt. 83) at 2.

The undersigned disagrees. As mentioned previously, the court has already found (dkt. 81 at 7-8) that Defendants and/or their counsel shall be liable for Plaintiff's attorneys' fees in connection with Plaintiff's efforts to ferret through Defendants' boilerplate objections and the preparation and filing of the letter brief (dkt. 80) which brought this matter to the court's attention; and that all that remained in this regard, were determinations as to the reasonableness of Plaintiff's attorneys' hourly rates and the reasonableness of the number of hours expended, as well as the

1  suitable target for the attorneys' fee award – to wit, Defendants or their counsel. As mentioned
2  above, the court finds that the hourly rates charged by Plaintiff's counsel are reasonable, as are the
3  number of hours expended in ferreting through Defendants' frivolous and boilerplate objections
4  and bringing the matter to the court's attention. As to the suitable target for this fee award,
5  Plaintiff submits that Defendants and their counsel should be jointly and severally liable for
6  paying the fee award (Pl.'s Mot. (dkt. 82) at 3-4), while Defendants and their counsel chose to
7  disregard or decline the court's invitation to express an opinion on that subject (*see generally*
8  Defs.' Opp. (dkt. 83) at 2).
9      As to the reasonableness of the fee request, "[i]n the Ninth Circuit, courts use the two-step
10 lodestar method to calculate reasonable attorney fee awards under fee-shifting statutes . . . [and]
11 [a]fter calculating the 'lodestar figure' by 'multiplying the number of hours the prevailing party
12 reasonably expended on the litigation by a reasonable hourly rate, a court then considers whether
13 'it is necessary to adjust the presumptively reasonable lodestar figure.'" *Leong v. Havens*, No. 18-
14 cv-05751-JST, 2019 U.S. Dist. LEXIS 179337, at *6 (N.D. Cal. Apr. 30, 2019) (citing *Morales v.*
15 *City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)). Having undertaken such an approach to
16 evaluating the reasonableness of Plaintiff's fee request (as to the reasonableness of the hourly rates
17 and the number of hours expended), the court finds (as did the court in *Leong*) that "the parties
18 have identified no justification for adjusting the lodestar figure, and the court therefore does not
19 reach the second step of the analysis." *Id*. As to the propriety of jointly and severally targeting
20 defense counsel (along with Defendants) with the fee award – the court will note that, "[i]n
21 addition to Rule 11, federal courts have broad inherent powers to sanction parties, counsel, and
22 firms that engage in conduct which abuses the judicial process." *DNA Sports Performance Lab,*
23 *Inc. v. Major League Baseball*, No. C 20-00546 WHA, 2020 U.S. Dist. LEXIS 199891, at *16-17
24 (N.D. Cal. Oct. 27, 2020) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S.
25 Ct. 1178, 1186 (2017)). "And one permissible sanction is an assessment of attorney's fees — an
26 order, like the one issued here, instructing a party that has acted in bad faith to reimburse legal fees
27 and costs incurred by the other side." *Goodyear Tire & Rubber Co.*, 581 U.S. 101, 137 S. Ct. at
28 1186. Sanctions imposed under a district court's inherent powers require a bad faith finding, since

1  they are intended to compensate. *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d
2  1216, 1219 (9th Cir. 2010). "District courts wield significant discretion in determining appropriate
3  sanctions." *DNA Sports Performance Lab, Inc.*, 2020 U.S. Dist. LEXIS 199891, at *17.

4  In light of the above, the court finds as follows: (1) Plaintiff's fee request for the sum of
5  $38,699.00 is reasonable because it is premised upon a reasonable expenditure of time, multiplied
6  by reasonable hourly rates, and that it was necessarily occasioned by the bad faith conduct, willful
7  obstructionism, and frivolous objections and arguments advanced by Defendants and their
8  counsel; and, (2) that Defendants and their counsel shall be jointly and severally liable for the
9  payment of that sum because Defendants and their counsel have equal shares of responsibility for
10 the bad faith obstructionism and frivolous argumentation and objections that have operated to
11 waste a great deal of Plaintiff's time while also abusing the judicial process and wasting the
12 court's time.

13 Accordingly, Plaintiff's request for the award of $38,669.00 – to be paid jointly and
14 severally by Defendants and their counsel – is **GRANTED**. Defendants and/or their counsel are
15 herewith **ORDERED** to tender payment of that sum to Plaintiff no later than two weeks from the
16 date of this order.

17 **IT IS SO ORDERED.**

18 Dated: August 24, 2022

ROBERT M. ILLMAN
United States Magistrate Judge

4